## William P. Brown *v.* Chester Clark.

### *Recognizance for review.*

The mere affirmance of a judgment reviewed is not a breach of the recognizance given in pursuance of the statute for the prosecution of the review. Unless intervening damages have been sustained, or additional costs are recovered, no right of action will exist on the recognizance.

Debt. The first count in the declaration alleged the recovery by the plaintiff, at the June Term, 1852, of the Orange county court, of a judgment in his favor against Daniel Tarbell, Jr., Azro D. Hutchins and Isaac P. Morgan, " for the sum of ——— dollars damages, and for the sum of ——— dollars costs;" the review of that judgment by the said Tarbell, Hutchins and Morgan; that the defendant became recognized for said review, &c. The further proceedings in said suit and alleged forfeiture of said recognizance, were stated as follows: " and the plaintiff avers that at the then " next stated term of said court, held at Chelsea, within and for " said Orange county, on the third Tuesday of January, A. D. " 1853, the said judgment was affirmed, and that such proceedings " in said court were then and there had, that by the consideration " of said court the said Brown recovered final judgment in said " cause, against the said Tarbell, Hutchins and Morgan, for the " sum of four hundred and four dollars and sixty cents damages, " and for the sum of twenty-three dollars and fifty-nine cents costs " of suit, as by the record of said court therein remaining will more " fully appear,—and which the plaintiff has here ready to be pro-

" duced in court,—and so the said Chester Clark has forfeited his
" recognizance, and an action hath accrued to the plaintiff to have
" demand and recover of the defendant, his said debt, to wit, the
" amount of his said recognizance, together with his just damages
" in this behalf, by him sustained, which said debt, and said damages,
" the defendant refuses and neglects to pay, though often requested
" so to do.

The second count, upon another recognizance, differed in no
material respect from the first, except in the description of the
suit, the amount of the recognizance entered into, and of the final
judgment recovered therein.

The defendant demurred;—the county court, January Term,
1855,—UNDERWOOD, J., presiding,—overruled the demurrer, and
adjudged the declaration sufficient, to which the defendant excepted.

*C. W. Clark* for the defendant.

*C. M. Lamb* for the plaintiff.

The opinion of the court was delivered by

ISHAM, J.   The question in this case arises, whether the mere
affirmance of the judgments reviewed, is a breach of the several
recognizances which are stated in the declaration, when no interven-
ing damages have been sustained, and no additional costs have been
recovered.   The statute provides that, on a review, a recognizance
shall be given, " conditioned that the party prosecute his review to
" effect, and answer and pay all intervening damages occasioned to
" the adverse party by delay, with additional costs in case judgment
" be affirmed."   The construction which is to be given to this recog-
nizance must be considered as having been settled by the former
decisions of this court.   The obligation is alternative in its char-
acter.   The party reviewing must prosecute the same to effect, or
pay intervening damages, and additional costs.   The mere affirm-
ance of the judgment reviewed, gives no right of action on the
recognizance.   It must also appear that intervening damages have
been sustained, or additional costs recovered.   In this particular,
both counts in the declaration are defective.   There is no averment
in either count, that such damages have been sustained, or such
costs recovered.   In the cases of *Green* v. *Shurtliff*, 19 Vt. 592,
38

*Holmes* v. *Woodruff*, 20 Vt. 102, it was held, in an action on recognizances, containing similar conditions, that the defendant might plead a tender of the additional costs, and traverse the assignment of the breach for intervening damages. Such a plea would obviously be defective, as not being an answer to the whole declaration, if the recognizance was forfeited by a mere affirmance of the judgment. But as the plaintiff's recovery was limited to those matters, a plea setting forth a sufficient answer to them, was a full answer to the whole declaration. The declaration is defective on this demurrer, as it contains no statement of any matter that is a breach of the condition of these recognizances.

The judgment of the county court must be reversed, and judgment rendered for the defendant.