## WILLIAM J. BROWN *v.* CHESTER CLARK.

### *Recognizance for review.*

In an action on a recognizance for a review, if there was a breach of it, and the debt is paid after the commencement of the suit, but without the costs of it, the plaintiff will be entitled to a judgment for nominal damages and costs.

The condition of a recognizance for a review is not broken if no intervening damages are sustained, and no additional costs recovered by the reviewee.

Where, in an action on a recognizance for a review, it only appears that, subsequent to the review, the reviewee obtained a judgment for a given sum in damages, and a given sum for costs, the supreme court cannot take judicial notice that any of the costs so recovered were for costs which accrued after the review.

DEBT on recognizances, in reference to which the parties agreed upon the following statement of facts.

" This was an action of debt on two recognizances for reviews in two actions, heretofore pending in Orange county court, in favor of the present plaintiff, against Daniel Tarbell, Jr., and others. Subsequently to said reviews, judgments were rendered, in both said actions, against the defendants therein at the term, and for the amounts as stated in the plaintiff's amended declaration.

" Phinehas Pierce of Royalton, in the county of Windsor, was the owner of the demands for which a recovery was had in the above named suits, and was the plaintiff in interest therein, the said Brown being merely a nominal party for the convenience of bringing the suits in this county. .Executions were duly issued upon the judgments rendered in the above suits, and placed in the hands of one Minot Wheeler, a deputy sheriff in and for the county of Windsor, for collection. The writ in the present suit, was served upon the defendant Clark on the 13th of May, 1854; and on the 14th of June, 1854, the aforesaid executions were fully paid and satisfied, and the said Wheeler, still having the executions in his hands, received from said Pierce a writing, of which the following is a copy.

'MINOT WHEELER, ESQ,—*Dear Sir:* You will have the good-
' ness to discharge the two executions in your hands, *Wm. P.*
' *Brown* v. *Daniel Tarbell, Jr. et als.*, as I have received satisfaction
' for the same.' (Signed,) 'PHINEHAS PIERCE.'
*South Royalton,* June 14, 1854.'

"At the date of the above writing to Wheeler, Daniel Tarbell, Jr.,

executed and delivered to said Pierce, a writing of which the following is a copy.

'I hereby agree to pay all further legal costs on the two exe-
'cutions now in M. Wheeler's hands, *Wm. P. Brown* v. *Daniel*
'*Tarbell Jr. et als.*, if any there be, not included in said execu-
'tions.    (Signed,)                    D. TARBELL JR.'

"No costs in the present suit were embraced in the settlement of the said executions, or in any way paid.   The executions mentioned in the foregoing papers are the same, which were issued upon the judgments mentioned in the plaintiff's amended declaration.

"Pierce's interest in, or relation to the various suits above mentioned, or rights of action growing out of the same, have not been changed in any way since the commencement of the original suits by Brown against Tarbell and others, on which the said reviews were taken, except by the settlement of the executions as before stated; and said Brown is merely a nominal plaintiff in the present suit.

"If the plaintiff is entitled to recover on the foregoing statement of facts, damages are agreed on at one cent."

The averments in the amended declaration, which are referred to in the foregoing statement, are sufficiently stated in the opinion of the court.

On this statement of facts, and the papers referred to, the county court, January Term, 1856,—UNDERWOOD, J., presiding,—rendered judgment for the defendant, to which the plaintiff excepted.

*C. M. Lamb* for the plaintiff.

The plaintiff's right of action became absolute when the defendants failed to prosecute their reviews to effect, and the previous judgments had been affirmed; the defendant's recognizance then became forfeit; *Way* v. *Swift*, 12 Vt. 390; *Stevens* v. *Briggs*, 14 Vt. 44.

The payment to Pierce, having been made subsequent to the commencement of this suit, constituted no defense to it, without the payment of the costs also; and, for intervening damages and costs in the original suits, accruing between the review and final judgments, the defendant was liable, as for damages, in this suit.   These damages are the necessary result deduced from the facts agreed

upon. The case shows that no costs in the present suit have ever been paid ; Chitty on Bills, 10 Am. Ed. 539 and 585; 12 Vt. 390, *Way* v. *Swift* ; 14 Vt. 44, *Stevens* v. *Briggs ;* 22 Vt. 288, *Belknap* v. *Godfrey.*

The present case is one where a party is pursuing separate and different remedies to obtain satisfaction for the same demand, which he has a right to do. The deputy sheriff having neglected to collect or return the executions within life, and retaining them in his hands unsatisfied, the creditor was justified in proceeding in this collateral way for a partial satisfaction ; 14 Vt. 44, supra; Chitty on Bills, 10 Am. Ed. 539, 585; *Smith* v. *Ingraham,* 22 Vt. 414 ; *Brown* v. *Richmond,* decided in this court. in this county, March Term, 1855.

*C. W. Clarke* for the defendant.

There has been no breach of any condition of these recognizances. The conditions are to pay all " intervening damages, and additional costs ;" and it is necessary to show that " intervening damages, or additional costs," one or both have accrued ; *Way* v. *Swift,* 12 Vt. 390 ; *Green* v. *Shurtliff,* 19 Vt. 592. *This case,* Orange county, March Term, 1855.

The only fact shown by this statement, is that at the time this suit was commenced, the judgments in the original suits, in which the reviews were taken, remained unsatisfied. This is an immaterial fact ; *Way* v. *Swift,* 12 Vt. 390.

The defendant undertook; by his contracts of recognizance, to keep the defendants in the actions, reviewed as good as they were when the reviews were taken, until the plaintiffs should procure executions ; to make up to them all losses which should happen to them after the reviews, and pay the additional costs ; *Green* v. *Shurtliff,* 19 Vt. 592.

No damages to the plaintiff, by reason of any failure of the defendants after the reviews, or impairing of securities, are attempted to be shown, nor does the case show the recovery of any additional costs.

The opinion of the court was delivered by

BENNETT, J.    We think the judgment of the county court

should be affirmed. If the case showed a breach of the condition of either recognizance, the judgment should have been, at all events, for the plaintiff for nominal damages and costs. The payments of the executions by Tarbell, after this suit was commenced, could not bar the action without a payment of the costs.

But we are to take the facts as agreed by the parties ; and those are, " that subsequently to said reviews, judgments were rendered in both of said actions, against the defendants therein, at the term, and for the amounts as stated in the plaintiff's amended declaration."

The statement in the amended count in the declaration is that judgments were rendered for a given sum in damages, and for a given sum for costs. There is no averment that any part of the judgments for costs were for costs that accrued after the reviews were entered ; and we cannot take judicial notice that any additional costs were allowed to be taxed by the court, subsequent to the reviews. Though the declaration avers that the plaintiff sustained intervening damages, yet there was no such fact in the case, and no proof of the averment that the plaintiff had been put to great additional expense in prosecuting his suits to final judgment.

When this case was before us at at a previous period, it was held that the mere affirmance of a judgment reviewed was not a breach of the condition of the recognizance for a review, unless intervening damages had been sustained, or additional costs had been recovered. See S. C. 27 Vt. 576. It may have been an omission in the agreement of facts, in its not showing that additional costs had been recovered.

The judgment of the county court is affirmed.