# Redwine *v.* Sides.

*Action on Account, for Services of Jack.*

1. *Custom, or usage.*—When a local custom or usage, relating to the subject-matter of a contract, is proved to be general throughout the county in which the contract was made, and in which the parties resided, they are presumed to have had knowledge of it, and to have contracted with reference to it, if it does not contradict an express term of the contract.

2. *Contract for services of jack to mare.*—Under a contract for the service of a mare by a jack, "to insure or no pay, and if mare is sold, the money is due at the time of the sale," the money becomes due at the time of the sale, whether the mare is with foal or not.

APPEAL from the District Court of Colbert.
Tried before the Hon. W. P. CHITWOOD.

This action was brought by Thos. A. Sides against Mark Redwine, and was commenced in a justice's court. The plaintiff claimed $8.00 "for season of mare to plantiff's jack, on or about the 23d January, 1891," and $15.00 due by account; but the only controversy was as to the former

item. It was proved on the trial that the mare was put to the jack once in July, 1890, and was not brought back a second time; that there was no express contract as to the charge, but the plaintiff had posted a notice as to the terms of service, and the defendant admitted that he had seen the notice and knew its contents. The printed notice was in these words: "I will stand my jack at my residence this season, commencing April 1st, 1890, to insure or no pay; and if mare is sold, the money is due at time of sale. Every precaution taken to prevent accidents, but I give no insurance against the same." The mare was sold by the defendant in September, 1890, and the evidence was conflicting as to whether she then was, or ever had been, in foal by the jack. The defendant contended that she never was with foal, and therefore he was not liable to pay for the service of the jack; while the plaintiff's contention was that the money became due and payable when the sale was made, whether the mare was with foal or not. The plaintiff introduced a witness who testified that he lived in the county, "knew the custom of standing horses in the county, and had handled horses for some time himself;" that when a mare was carried to a horse, it was customary to carry her during the season; that if she proved to be not with foal, the owner would have nothing to pay, but, if she was put to the horse only once, and was then sold or traded, he would have to pay for it. The court admitted this evidence, against the objection and exception of the defendant. On all the evidence adduced, the court rendered judgment for the plaintiff, and its judgment is here assigned as error, with the admission of the evidence objected to.

KIRK & ALMON, for appellant.

R. ARMSTRONG, and JACKSON & SAWTELLE, *contra*.

McCLELLAN, J.—A jury not having been demanded, this cause was tried by the judge of the District Court, and this appeal presents "for review the conclusion and judgment of the court upon the evidence;" and in discharging this duty we are not allowed to indulge any presumptions favorable to the correctness of the trial court's action. Acts 1890-91, pp. 605 *et seq.*, § 15.

The usage or custom proved on the trial was, in our opinion, properly admitted and considered by the court in reaching a conclusion as to the meaning of the contract between the parties. We understand from the evidence of

[Redwine v. Sides.]

the witness Walker that the usage or custom deposed to by him was a general one in the county where the parties lived, the contract was made, and the services, to recover compensation for which under the contract this suit is prosecuted, were performed.  This evidence, therefore, raises up a *prima facie* presumption, which no effort is made to rebut, that the parties knew of the usage thus pertaining to the subject-matter of their contract, and that they stipulated with reference to it in such way as to make it a part of their compact.— *German Amer. Ins. Co. v. Commercial Fire Ins. Co., ante,* 469.

The contract itself consisted of a notice posted by the plaintiff, setting forth the terms upon which he would let his jack go to mares, the knowledge of defendant of the terms so advertised, and his acceptance of them implied from the fact he had his mare served without any special stipulations in respect thereto.  The terms of the contract thus made, so far as involved in this case, were, that plaintiff was to receive for the services of his jack $8.00, to "insure or no pay;" and that "if mare is sold, the money is due at time of sale."  This last clause, as interpreted in the light of the usage proved, means that if the mare, after being served, is sold during the "season," her owner (at the time of the service) would have to pay the fee of eight dollars, whether she were foaled or not; the stipulation doubtless being incorporated in view of the difficulty of ascertaining whether the mare is with colt consequent upon her sale and possible removal out of the neighborhood, and for the purpose of shifting the risk in that event on the owner, by whose act this difficulty is created, though, where no sale is made, the risk in this regard is taken by the owner of the jack.  And this, it seems to us, is a just and reasonable construction of the clause in question, dissociated from the usage and custom shown by the evidence.  We are unable, indeed, to find any field for the operation of this stipulation, if this be not a correct interpretation of it. It can not be held to mean only that where a mare *is foaled,* and the "insure or no pay" stipulation thereby filled, the fee shall become due and payable on a sale of the mare, since where that is the case, the claim is due and payable as soon as the fact is ascertained, whether the mare is sold or not, and the stipulation would in reality mean nothing.  No other plausible or even possible operation for the clause suggests itself, or has been suggested to us; and our conclusion, both upon and without a consideration of the usage, is, that upon a sale of the mare during the

[Reynolds v. Crook.]

season, whether foaled or not, the owner becomes absolutely and unconditionally liable for the fee of eight dollars. It is uncontroverted in this case that the mare, after being served by the plaintiff's jack, was sold during the "season" by the defendant; and it follows that the judgment rendered against him by the City Court must be affirmed.

Affirmed.