# Anderson v. Whittaker & Jeffries.

*Action for Breach of Contract for Erection of House.*

1. *Custom opposed to reason of no force.*—Although reasonable customs not opposed to law or public policy, obtaining with respect to a particular trade in a locality where a contract is to be performed, known to the parties to such contract, may be looked to in the interpretation of the agreement; yet, if the alleged custom is one which honest, right minded men would deem unfair and unrighteous, it is not reasonable and should not be allowed to exist.

2. *Same applied to the facts of this case.*—Hence, where a contract provided that a house should be built in a workmanlike manner, and the proof showed that the brick on the outside walls were soft, the

[Anderson v. Whittaker & Jeffries.]

windows of uneven height from the floor, having large cracks above them, the floors uneven, and that light could be seen through the wall in many places, although skilled workmen testified that the house was built in a workmanlike manner as understood in that section of country, it was erroneous to charge the jury that the contract required that the house should be built in a workmanlike manner, construed according to the custom and usages of the section in which the contract is made.

APPEAL from DeKalb Circuit Court.
Tried before Hon. JOHN B. TALLY.

E. T. TALIAFERRO, for appellant. No brief came to hands of Reporter.

AMOS E. GOODHUE, for appellee, cited 49 Ala. 465.

McCLELLAN, J.—This action is prosecuted by Whitaker & Jeffries for the contract price of building a house by them for the defendant Anderson. One of the defenses was that plaintiffs undertook to build the house in a workmanlike manner and did not build it in a workmanlike manner to the damage and injury of the defendant in a sum which is stated and pleaded in recoupment against plaintiff's claim. Defendant's evidence supported this plea, going, as it did, to show that many soft brick were used in the exterior of the walls which the contract required to be built of hard brick, that the floors were not even or level, that the windows were at unequal distances from the floor, though intended to be on the same level and were not straight vertically, but out of plumb, that spaces were left between the window frames and the wall at the top, that apertures or cracks were left in the walls to the extent that "in one room day-light could be seen through the walls in seventeen places," that inferior and old lumber was used and that neither the carpenter work nor the brick work was done in a workmanlike manner, &c. The evidence tended to show that "the witnesses who testified on the part of the defendant that the work was not done in a workmanlike manner were workmen who had been trained in their trades in New England, and had but little experience in building houses in the section of the country in which this contract was made and this house was built, and had resided there only a few months." On the other hand, witnesses for the plaintiffs in this connection "were workmen who had performed work and obtained experience as workmen in the section of country of this contract and house, and were acquainted with the manner of doing such

work in such section of country; and these witnesses testi-
fied that the house was built in a workmanlike manner, but
while some excuse is attempted for putting soft brick in the
outside of the wall, and it is said they could be easily re-
moved and the hard brick required by the contract substi-
tuted, and for leaving the interstices at the top of the win-
dow frames which was claimed to be a necessary allowance
for the unusual settling of brick buildings incident to a pe-
culiarity of the soil of this section, yet we do not find in this
record any denial, excuse for or ·explanation of the other
defects which defendant's evidence went to establish ; and if
there had been evidence for plaintiffs in this connection it
was competent for the jury to find the facts in line with the
tendencies of the evidence on behalf of the defendant.    On
this state of the testimony the court gave, at the request of
plaintiffs, the following charge:    "If a man in a given sec-
tion of country contracts to build a house in a workmanlike
manner that means a house built in a workmanlike manner
construed according to the customs and usages of the sec-
tion of country in which the contract is made," and the giv-
ing of this charge is the subject-matter of the only assign-
ment of error on this appeal.    Customs and usages obtaining
in respect of a particular business, trade or occupation in a
given locality, known to the parties making a contract there
which is to be performed there, or of such general preva-
lence and acceptance in the locality as to raise a presumption
of knowledge, which is not rebutted, and which customs and
usages *are reasonable* in themselves, and not opposed to law
or public policy, may be looked to in the interpretation of
such contract pertaining to the business or trade to which
they apply, and the undertakings of parties will be construed
by a reference to them on the theory that they entered into
and became a part of the stipulations made.— *German Amer-
ican Ins. Co. v. Commercial Fire Insurance Co.*, 95 Ala. 469 ;
*Redwine v. Sides*, 95 Ala. 567.    And so a reasonable usage
or custom as to the manner of building a house obtaining
in a given section of the country may be looked to in de-
termining what is meant by the requirement in a contract
therefor that the house shall be built in a workmanlike man-
ner.    All this we may concede without committing ourselves
to the correctness of the charge in question.    We do not
think the charge a sound exposition of the law.    To the con-
trary, we are clear that the customs or usages to which the
jury must have understood the charge to refer and to which
we understand it to refer are entirely unreasonable and
wholly inadmissible to give a meaning to the contract in-

[Anderson v. Whittaker & Jeffries.]

volved here. The testimony showed without conflict many and gross defects and insufficiencies in the construction of the house—defects and insufficiencies of such sort indeed as to render the house unfit for the habitation for which it was intended, or the jury might have found these to be the facts on a preponderance of the evidence if there was conflict (as to which we can not affirm positively, owing to peculiar statements of the bill of exceptions). Any custom which would operate to convert these gross defects in the work done into work done in a workmanlike manner would be altogether unreasonable, bad and inadmissible. That the work was not done in a workmanlike manner is a conclusion which enforces itself on this evidence or this tendency of the evidence upon every possible conception of the meaning of the word "workmanlike," whether shaded by reasonable custom or not. And the effect of the charge was to instruct the jury that they should find that this house was well and properly constructed not because it was so in fact, but because it was usual and customary in that section of the country to construct such houses with uneven and unlevel floors, with non-vertical windows, with bricks in the outer wall that had to be removed, with embrasures above the windows, with windows intended to be on the same level, at different heights from the floor, with so many holes in the walls of one room, where no holes were intended to be, that daylight could be seen at seventeen different places through the wall, &c., &c. If such custom or usage as this exists in and around Ft. Payne, it is a bad custom or usage, and the sooner it ceases to exist the better it will be for workmen there, whether native there or emigrants from New England. The usage relied on is one which "honest and right minded men would deem unfair and unrighteous," and hence is not a reasonable one.—Lawson Usages & Customs, 11, 12, 63; *Paxton v. Coventry*, 2 Frost & Tin. 131; *Metcalf v. Weld*, 14 Gray, 210; Clarke & Brown on Usages & Customs, pp. 24, 25, § 23 and note; *Coleman v. Chadwick*, 80 Pa. St. 81.

The court erred in giving the charge quoted, and its judgment must be reversed. The cause is remanded.

Reversed and remanded.