Green *v.* Shurtliff et al.

---

---

'Elijah R. Green *v.* Joel Shurtliff and James Bell.

The statute, allowing a defendant, after a suit has been commenced, and until three days before the sitting of the court to which the writ is made returnable, to tender to the plaintiff the amount of his demand and the costs to that time,— Rev. St., c. 106, § 6,—was not intended to extend the right of making a tender to other actions, than those in which a tender might be made at common law; but the object of it was, to allow a tender after action brought,—which, without the statute, could not be made.

At common law a tender may be made in all cases, where the demand is in the nature of a debt, when the sum due is either certain, or capable of being made certain by mere computation; but it is not allowed, when the action is for unliquidated damages, the amount of which is to be determined by the exercise of discretion by a jury.

Green *v.* Shurtliff et al.

In *scire facias* upon a recognizance entered into for the prosecution of an appeal, a claim for additional costs depends upon mere matter of computation; and to this claim a tender may be pleaded;—but a claim for intervening damages, which must depend upon the loss the plaintiff may have sustained by the delay, in the failure of the collection of his debt, either in whole, or in part, by the change of circumstances of the debtor, is unliquidated, depending upon the finding of the jury; and to this claim a tender cannot be pleaded.

Where the declaration, in such case, includes a claim for additional costs, and also for intervening damages, a plea of tender to the entire declaration is bad on general demurrer;—but *per* HALL, J., the defendant might, in such case, have pleaded a tender of the additional costs, and traversed the assignment of the breach for intervening damages.

Where the plaintiff, in such case, claims to recover intervening damages, the defendants may show the real condition of the appellant's property, at the time final judgment was obtained against him in the suit appealed; and they may do this, notwithstanding the sheriff, to whom the execution, issued upon that judgment, was delivered for collection, returned thereon that he could find no property of the execution debtor.

In this case both parties took exceptions in the county court, and the judgment being affirmed in the supreme court, no costs in the supreme court were allowed to either party.

SCIRE FACIAS upon a recognizance for the prosecution of an appeal from the judgment of a justice of the peace, in which the defendant Shurtliff was principal, and the defendant Bell was surety. The defendants pleaded *nul tiel record,* and also pleaded, that, after the commencement of this suit, and more than three days before the sitting of the court to which the writ was made returnable, they tendered to the plaintiff the additional costs in the appealed suit and the interest upon that judgment, and the costs which had then accrued in this suit,—which sum they brought into court. To the latter plea the plaintiff demurred; and the county court, June Term, 1843,—ROYCE, J., presiding,—adjudged the plea insufficient;—to which decision the defendants excepted. Upon the first plea issue was joined to the court.

On trial the plaintiff gave in evidence the execution, which issued upon the original judgment in favor of the plaintiff against Shurtliff, and the officer's return thereon of *nulla bona.* The defendant Bell then offered evidence tending to prove, that Shurtliff, at the

75

time of the rendition of final judgment against him in favor of the plaintiff, and at the time of the return of the execution given in evidence by the plaintiff, and about that time, had in his possession and owned attachable personal property, to an amount more than sufficient to have satisfied the judgment against .him, and that at both those times, and before and subsequently, debts had been secured against him to an amount larger than that judgment. To the admission of this evidence the plaintiff objected; but it was admitted by the court; and the court rendered judgment for the plaintiff to recover the amount of the additional costs in the appealed suit, and the interest upon the original judgment, appealed from, to the time of this trial. To this decision the plaintiff excepted.

*Poland* for plaintiff.

1. *Tender* is a bad plea in this action,—at least a tender of any sum less than the amount of the recognizance. That is the technical *debt*, for which the plaintiff sues; and when the court come to exercise the power given them by statute in cases of this nature, to ascertain the amount for which the plaintiff, according to equity and good conscience, ought to have judgment, then the amount of the plaintiff's claim becomes legally *uncertain*, or *unliquidated*, and the assessment of his damages becomes a proper question to be settled by a jury. The condition of the recognizance is not only to pay the additional costs, but all intervening damages occasioned to the plaintiff by the appeal;—and the amount of these intervening damages depends upon a variety of considerations, altogether beyond the reach of mere arithmetical calculation. Our statute has not altered the common law upon the subject of tender, except as to the time when the tender may be made. Rev. St. 470, 471. *Clark* v. *Campbell*, N. Ch. 57. Chit. on Cont. 792, 793. *Way* v. *Swift*, 12 Vt. 390. *Dearle* v. *Barrett*, 29 E. C. L. 41. *Giles* v. *Hart*, 1 Ld. Raym. 254.

2. The court erred in admitting evidence to contradict the officer's return upon the execution. It is a principle, as well settled as any principle can be by judicial decisions, that an officer's return, regularly made, is conclusive, and that such return can never be brought collaterally in question, and that no averment can be made against it, except in a suit against the officer for making a

false return.  *Hathaway* v. *Phelps*, 2 Aik. 84.  *Howe* v. *Ransom*, 1 Vt. 276.  *Stevens* v. *Brown*, 3 Vt. 420.  *Eastman* v. *Curtis*, 4 Vt. 616.  *Swift* v. *Cobb et al.*, 10 Vt. 282.  *Slayton* v. *Inh. of Chester*, 4 Mass. 478.  *Bott* v. *Burnell*, 9 Ib. 96; 11 Ib. 163.  *Inh. of Boston* v. *Tileston*, 11 Ib. 468.  *Lawrence* v. *Pond*, 17 Ib. 433.

*B. N. Davis* and *Vail & Upham* for defendants.

1. *Scire facias* is a judicial writ of execution; yet it is so far in the nature of an original, that the defendant may plead to it; and it is, in that respect, treated as an action.   The rule, as collected from the books in relation to pleading a tender, is, that " a tender is a good defence in an action of assumpsit, or debt, when the demand is of a pecuniary nature, and certain in its amount, or capable of being reduced to a certainty."   3 Steph. N. P. 2600.   If the tender could have been pleaded to an action of debt, brought upon this recognizance, it can also be pleaded to this *scire facias*.   In its legal characteristics, this recognizance is similar to a bond with a condition; and it is well settled, that, in an action on a bond a tender may be well pleaded.   *Tracy* v. *Strong*, 2 Conn. 659.   *Steward* v. *Coles*, 2 Cro. Jac. 627.   20 Vin. Ab. 190.   Com. Dig., Tit. Condition L. 4.   Co. Lit. 207 *a*.   Com. Dig., Tit. Pleader, 390, 391.  3 Steph. N. P. 2401.   A tender can be well pleaded upon a *quantum meruit*.   This was doubted by Lord Holt in Ld. Raym. 255, but afterwards settled, upon demurrer, in *Johnson* v. *Lancaster*, 1 Str. 576.

2. The officer's return of *nulla bona* is not conclusive; and the county court properly admitted the evidence offered by the defendants.  *Hathaway* v. *Goodrich*, 5 Vt. 65.   *Stanton* v. *Hodges*, 6 Ib. 64.  *Butts et al.* v. *Francis*, 4 Conn. 424.   *Dutton et al.* v. *Tracy*, Ib. 79.

The opinion of the court was delivered by

HALL, J.   The first question in the case is as to the sufficiency of the plea of tender.   The plea professes to answer the whole declaration; and, unless the plaintiff's whole claim is of a character to which a tender may be properly pleaded, the plea must be deemed insufficient.

The statute, under which this tender was pleaded, (Rev. Stat. chap. 106, sec. 6,) was not, as we think, intended to extend the right of making a tender to other actions, than those in which a tender might be made at common law ; but the object of it was, to allow a tender after action brought,—which, without the statute, could not be made.

There seems · to be no doubt in regard to the principle, upon which a tender is allowable at common law. It may be made in all cases, where the demand is in the nature of a debt, where the sum due is either certain, or is capable of being made certain by mere computation ; but is not allowed, where the action is for unliquidated damages, the amount of which is to be determined by the exercise of discretion by a jury. Chit. on Cont. 793. 3 Stephens' N. P. 2599.

It seems too manifest to require argument, or illustration, that the breaches of the condition of the recognizance in this case, assigned in the declaration, embrace both these descriptions of claims. The additional costs named in the recognizance are mere matters of computation ; while the intervening damages, which depend upon the loss the plaintiff may have sustained by the delay, in the failure of the collection of his debt, either in whole or in part, by the change of circumstances of the debtor, are manifestly unliquidated damages, which it is peculiarly the province of a jury to estimate. To this part of the claim we think a tender could not be made ; and as the plea of tender applies to this part of the declaration, as well as to the others, we feel constrained to hold it insufficient and bad.

It is not intended to say, that a plea of tender could not, under any circumstances, be available in an action upon a recognizance of this description. It has long been held in this state, that a matter of defence, which goes only to a part of the plaintiff's claims, may be pleaded to so much as it tends to meet. *State Treasurer* v. *Holmes*, 4 Vt. 110. In *Carpenter* v. *Briggs*, 15 Vt. 34, which was debt on a jail bond, it was held, that a plea of payment of a part of the plaintiff's claim was good for so much of the declaration, as it professed to answer ; but, as there was no answer to the residue of the declaration, the plaintiff had judgment. If the defendants, in this case, had pleaded a tender of the additional costs, and traversed

the assignment of the breach for intervening damages, it is not seen why the whole declaration would not have been well answered. In such case, if the plaintiff failed to prove any intervening damages, the defendants would have had judgment. But if there were intervening damages, the tender would, of course, have been unavailing. We see no mode, consistent with the principles of law and the rules of pleading, by which any greater effect could be given to a tender, in cases of this description, than to make it effectual, where there is no real claim for unliquidated damages. This decision upon the substance of the plea renders any examination of its particular alleged defects unnecessary.

The plea of tender having been overruled by the county court, a question arose, upon the assessment of damages, in regard to the admission of evidence; upon which the plaintiff excepted to the ruling of the court; and that question has also been argued before us. The plaintiff having introduced the execution issued at the date of the judgment in the original suit, with the officer's return of *nulla bona* thereon, the defendant was allowed to prove, notwithstanding such return, that the debtor had, at the date of the judgment and of the return, personal property, subject to attachment, upon which the execution might have been levied. The inquiry as to the condition of the property of the debtor was proper, in ascertaining the damages the plaintiff had sustained by the delay; and we do not think the defendants were estopped, by the officer's return, from showing the real condition of the debtor's property. The result is, that the judgment of the county court is affirmed.

Both parties having excepted, and the exceptions of neither having prevailed, neither is entitled to costs in this court.