# Wilhite *v.* Ryan.

*Statutory Detinue for Mill Machinery.*

1. *Tender; sufficiency of.*—A tender of money must, as a general rule, be absolute, and not coupled with conditions ; and though the party making it may annex a condition which the contract gives him a right to require, and which is not prejudicial to the other party, he can not annex a condition the acceptance of which would prejudice the legal rights of the other.

2. *Same ; when authorized.*—At common law, a tender could only be made when the demand was in the nature of a debt, being either a sum certain, or capable of being made certain by mere arithmetical calculation : it could not be pleaded in an action on the case, nor. in any action for the recovery of un-liquidated damages strictly ; and the only statutory exception, it seems, is in actions of slander.

3. *Same ; production of money ; waiver of.*—A tender, not accompanied with the production of the money, is insufficient, and may be refused on that ground ; but, if the tender is refused only on another ground, specifically assigned, the production of the money is waived.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. W B. WOOD.

This action was brought by Thomas and C. B. Wilhite, against Thomas Ryan, to recover certain mill machinery, particularly described, with damages for its detention ; and was commenced on the 16th November, 1874. The cause was tried on issue joined on the plea of *non detinet ;* and there was a verdict and judgment for the defendant, under the charges of the court. During the trial, a bill of exceptions was reserved by the plaintiffs, in which the facts are thus stated :

"The evidence in behalf of the plaintiffs tended to show that, prior to January 1st, 1873, the defendant (Ryan) had executed a deed of trust on the property described in the complaint, to one Dinsmore as trustee, to secure a debt due to A. M. Patterson, for $564.99 ; that the law-day of the deed having passed, the trustee, under instructions from Patterson, advertised the property for sale to pay the debt ; and that about the 1st of January, 1873, at the request of the defendant, and by virtue of an agreement between all the parties, plaintiffs bought the property of the defendant, and paid therefor, to said Patterson, the amount of his said debt, in full payment of said deed of trust ; and it was understood and agreed, at the same time, between plaintiffs and said Ryan, that he should have the right to buy back the property from plaintiffs, at the expiration of one year, if he de-

sired to do so, upon repaying to plaintiffs the said amount, without interest. Plaintiffs went into possession of the property under the contract stated, and operated the same until about the 1st July, 1873, when the defendant rented the same from them, for the remainder of the year—to-wit, until about the 10th January, 1874—for $100, paid the rent in advance, and went into possession under said contract of renting. At the expiration of the twelve months specified in said original contract between the parties, plaintiffs demanded of defendant the possession of the said property; which demand the defendant refused to comply with, and has remained in possession of the property ever since. The property was worth the sum paid for it by plaintiffs, to-wit, the sum of $564.99; and the value of the detention thereof was $200 *per annum*. The plaintiffs rested their case upon evidence tending to show these facts.

"The evidence in behalf of the defendant tended to show that the contract between the parties was, that the plaintiffs should pay off the said debt to Patterson, and should take possession of the property, and hold the same as their own, and should put and keep the same in good repair; and that the defendant should have the property back at the end of one year, in good running order, if he desired to do so, upon paying plaintiffs the amount they were to pay Patterson, without interest; also, that the agreement of plaintiffs to put and keep the property in repair, and to allow defendant to have it back in good order, on paying said amount, at the end of the year, was a part of the consideration of the contract which plaintiffs were to pay for the property, as well as the payment to Patterson above stated; and that plaintiffs paid said debt to Patterson, but failed to put and keep the property in good repair, and greatly damaged the same while in their possession. Defendant introduced evidence, also, tending to show that said property, at the time plaintiffs went into possession of it under the agreement above stated, was worth about $2,000; that while it remained in their possession, and up to the time when defendant retook possession under said contract of renting, plaintiffs damaged the property to about the amount of $1,200, or $1,500; and that portions of the machinery were rendered wholly useless, and had to be removed, and replaced by new machinery, in order to run the mill. The defendant introduced, also, evidence tending to show that, on the day the twelve months expired, which was allowed him for re-purchasing the property, he went to the house of C. B. Wilhite, one of the plaintiffs, for the purpose of taking him the money; that, not finding said Wilhite at home, he left word for him to come and see de-

fendant ; that on the next day, or within a day or two after-
wards, said Wilhite came to where defendant was, and de-
fendant, putting his hand in his pocket-book, then said to
said Wilhite, '*Here is your money for the mill, when you comply
with your contract as to putting the mill machinery in good repair;*'
that Wilhite denied the existence of any such contract, as to
repairing the same, and refused to take the money as offered
and make the repairs, but said he would have the money or the
mill.  Defendant made no unconditional tender of the money,
and no other tender whatsoever, then or at any other time,
except as above stated.   Plaintiffs introduced evidence, in re-
buttal, tending to show that, under the agreement by which
they bought the property, they were under no obligation
whatsoever to put and keep the machinery in good repair.

   " The foregoing was, in substance, all the evidence intro-
duced by both parties; and upon this evidence, without
more, the court charged the jury, of its own motion, as fol-
lows : 1. 'If the jury believe, from the evidence, that the
plaintiffs purchased the mill of the defendant, and, at the
time of the purchase, as part of the agreement, plaintiffs
agreed to re-sell the mill to defendant, at the end of twelve
months, upon terms agreed on,—this is a conditional sale ;
and if the condition, which was to re-invest the property in
the defendant, was promptly performed, or, if he offered to
do so, and the plaintiffs refused to accept it, then the prop-
erty was re-invested in the defendant, and the jury will find
for the defendant ; but, if the jury find that the defendant did
not promptly perform the terms or condition on 'which he
was to have the property back, or offer to do so, then the
absolute property vested in the plaintiffs, and they have the
right to recover.'   2. 'If the jury find, from the evidence,
that it was a part of the contract that the plaintiffs were to
put or keep the machinery in repair, and return it in good
repair at the time agreed on, but failed to do so ; and that
defendant tendered the money, at the time agreed on, to the
plaintiffs, upon condition that they would put the same in
repair ; and that the plaintiffs refused to receive it on that
condition ; this was a sufficient tender to re-vest the property
in the defendant.' "

   The plaintiffs excepted to the second charge, as given, and
requested the court, in writing, to instruct the jury, " that
performance, or the offer to perform on the part of the de-
fendant, must have been unconditional, in order to re-invest
the property in the defendant."   The court refused this
charge, and the plaintiffs excepted to its refusal ; and they
now assign as error the second charge given by the court,
and the refusal of the charge asked by them.

C. F. HAMILL, for the appellants, cited *Sewall v. Henry*, 9 Ala. 24–33; 4 Kent's Com. 144, and note; 2 Greenl. Ev. § 586.

CLARK & HARRIS, and MORROW & SHARPE, *contra*, cited *Love v. Crook*, 27 Ala. 624; *Eiland v. Radford*, 7 Ala. 724; *Murphy v. Barefield*, 27 Ala. 634; *Sewall v. Henry*, 9 Ala. 24.

SOMERVILLE, J.—It is a correct general rule of law, that every tender of money, by a debtor to a creditor, must be absolute, and not coupled with conditions. It must not be offered in full of all demands, or on condition that the creditor return the necessary change, or execute a release, or on other similar terms leading to the embarrassment of the creditor's legal rights.—2 Greenl. Ev. § 605; *Bakeman v. Pooler*, 15 Wend. 637. If, however, the condition interpolated is one not prejudicial to the creditor, and on which the debtor has a right, under the contract, to insist, it does not vitiate the tender.— *Wheelock v. Tanner*, 39 N. Y. 481; *Saunders v. Frost*, 5 Pick. 259.

But a tender was authorized, by common law, to be made, only in those cases where the demand is in the nature of a debt—where the sum due is either certain, or capable of being made certain by mere arithmetical computation. *Green v. Shutliff*, 19 Vt. 592. It could not be pleaded in an action on the case, nor in any action brought strictly for the recovery of *unliquidated* damages.—*Searle v. Barrett*, 2 Ad. & El. 82; 7 Wait's Actions & Def. 577. The only exception to this rule, which seems to be made by statute, is in cases of slander, where a tender is permitted by the defendant, on his accompanying it with a recantation.—Code (1876), § 2993.

The design of the tender, made by the appellee to appellant in this case, was to divest the title of the property, for the specific recovery of which this action was instituted. It would clearly have been insufficient, for the reason that there was no production of the money, had objection been interposed on this ground. The only objection raised by the charge given by the court, and the charge requested by appellee and refused, is, that the tender was conditional, and not absolute. This specification of one particular defect was a waiver of all others.—2 Parsons on Cont. 645.

The condition, with which the tender made by Ryan was clogged, was prejudicial to the appellant, Wilhite. The evidence discloses the fact of a controversy between the parties, as to whether or not the machinery had been damaged by appellant, and the extent of the alleged damage. The appellant denied that it was his duty to keep it in repair. The

amount of the damage was uncertain, and controverted. The tender proposed, of necessity, to adjust these disputed issues, and to establish a recoupment, or counter-claim against appellant, in favor of the appellee. The acceptance of the money, on the terms proposed, would have drawn the appellant into an admission against himself, and prejudicial to his legal rights. This is not permissible, and the tender was, therefore, bad.—1 Addison on Cont. § 357; *Wood v. Hitchcock*, 20 Wend. 47.

The Circuit Court erred in giving the charge excepted to, and in refusing to give the charge requested by appellant. For these erroneous rulings, the judgment is reversed, and the cause remanded.