# Western Union Telegraph Co. v. Whitson.

*Damages for Failure to Deliver Telegram.*

(DECIDED JUNE 6, 1906.   41 So. REP. 405.)

1. *Telegraph and Telephone; Non Delivery of Message; Complaint; Affirmative Defense.*—In an action for damages for failure to deliver a telegram ,the complaint is not demurrable for failure to allege that the sendee lived, did business, or could be found within the free delivery limits of the office of destination; for if the contract limited the delivery to the free delivery limits of the company at that point, that fact was defensive matter of which the company must avail itself by plea.

2. *Same; Burden of Proof.*—Where the defense is set up, and it is shown that the sender of the message contracted for its sending with reference to the free delivery limits of the office at destination, the sendee, in a suit for non delivery, must carry the burden of proving that his residence or place of business was within the established limits.

3. *Same; Delivery to Agent; Evidence of Agency; Admissibility.*— Where it was shown that the message was delivered to the sendee's 11 year old son, evidence that the boy had often been sent to mail letters for his father to the depot in the city in which he lived, which fact was known to defendant's messenger, was inadmissible and immaterial to show that the son was the sendee's agent to receive the telegram.

4. *Same; Obligation to Deliver.*—It is the duty of the telegraph company to use reasonable diligence to deliver a message to the sendee, and if unable to deliver personally, it is its duty to deliver the message to an authorized agent of the sendee

5. *Same; What Constitutes.* —The delivery of the message to the sendee's 11 year old son, while at play in another yard near sendee's home, is, as matter of law, no delivery to the sendee.

6. *Appeal; Harmless Error; Refusal to Give Instructions.*—Where the affirmative charge could properly have been given for plaintiff, it is harmless error to refuse instructions requested by defendant.

APPEAL from Tuscaloosa County Court.
Heard before Hon. H. B. FOSTER.

This was an action by appellee against appellant. The third count in the complaint was charged out at the request of the defendant. The first and second counts were in the following words: Count 1. "The plaintiff claims of the defendant the sum of $1,500 as damages for the breach of a contract made by plaintiff, through its agent, J. H. Willingham, of Berry, Ala., and the defendant on the 12th day of Jan. 1905, by the terms of which the defendant undertook to transmit from Berry, Ala., to Northport, Ala., the following message: 'Jan. 12, 1905. To W. H. Whitson, Northport, Ala. Your mother died this morning. Will bury her tomorrow. J. H. Willingham.' And the plaintiff avers that at the time of the making said contract the defendant was engaged in the business of transmitting, and delivering telegraphic message for hire, and that he paid the defendant the charges for sending said message from Berry, Ala., and delivering the same at Northport, Ala., and plaintiff avers that said contract was broken by the defendant in this: That it negligently and carelessly failed to deliver at Northport, Ala., said message to the plaintiff. And plaintiff avers that, had the message been delivered to him within a reasonable time, he could have reached the place where his mother was lying dead in time to have seen her before burial, and in time to have been present at her burial; and plaintiff further avers that on account of the defendant's negligence and carelessness in not delivering said message plaintiff was prevented from being present at his mother's funeral and of again seeing her before her burial, on account of which plaintiff suffered great injury to his feelings and mental anguish, to the damage of the plaintiff in the sum of $1,500. Hence this suit." Count 2. "The plaintiff claims of the defendant the sum of $1,500 damages, for that on, to-wit, the 12th day of January, 1905, the plaintiff, through his agent, J. H. Willingham, of Berry, Ala., delivered to defendant's agent for transmission and delivery from Berry, Ala., to plaintiff at Northport, Ala., a message in words and figures substantially as follows: 'Jan. 12, 1905. To W. H. Whitson, Northport, Ala. Your mother died this morning. Will bury her tomorrow. J. H. Willingham.'

And defendant contracted and undertook for a certain sum of money, which plaintiff's agent then and there paid to defendant, to deliver said message to plaintiff at Northport, Ala. The plaintiff avers that the defendant was engaged in the business of transmitting telegraphic messages for hire between said two places. And the plaintiff further avers that the defendant broke said contract in this: That it negligently and carelessly failed to deliver at Northport, Ala., said message to the plaintiff; that, had said message been delivered to the plaintiff within a reasonable time, he could have reached the place where his mother was lying dead in time to have seen her before burial and in time to have been present at her burial; and that by reason of defendant's negligent failure to deliver said message the plaintiff was prevented from being present at his mother's funeral and of seeing her before her burial, on account of which plaintiff suffered great injury to his feelings and mental anguish, to the damage of the plaintiff in the sum of $1,500. Hence this suit."

The defendant demurred to counts 1 and 2 on several grounds, and the demurrer was overruled. The only insistence made on appeal is that the court erred in overruling demurrer No. 1 to counts 1 and 2. This ground of demurrer is in the following language: "It is not alleged or shown that plaintiff lived, did business, or was to have been found within the free delivery limits of defendant's Northport office; nor is it shown that plaintiff or his said alleged agent contracted with defendant for the delivery of said message beyong the free delivery limits of defendant's Northport office." The defendant offered to show by its operator at Northport that Willie Whitson was often sent by his father to mail letters at the depot in Northport, at which defendant's receiving office was located, and that this fact was known to the messenger of defendant's company. On objection by plaintiff, this evidence was excluded. The defendant's evidence further tended to show that the messenger to whom its operator delivered the message carried the message to the front gate of plaintiff's home, and at the gate delivered it to Willie Whitson, who told

the messenger that his father was expected home that night, and the messenger said to Willie to take the message and carry it in the house and give it to his mother, and the boy replied, "Go ahead," he would attend to that. The evidence also tended to show that the operator of defendant attempted to deliver the message by repeating it to the place where the sendee was supposed to be at the time of its reception. The evidence of the plaintiff tended to support the allegations of the complaint, and to show that Willie Whitson was a boy about 10 years old, and that the message was given him while he and other small boys were at play in the yard of a neighbor near sendee's home, and that it was not received by his father until about 10 days later, while the wife of the sendee was at her home, a few steps away from the neighbor's house where the boy was at play.

The following written charges requested by the defendant were refused: Charge 7 was the general affirmative charge; 8, the affirmative charge as to first count; 9, the affirmative charge as to second count. Charge 6. "Under the evidence in this case, the young boy, Willie Whitson, never was the agent of the defendant company." Charge 10. "In this case no significance attaches, as a matter of law, to the fact, if it be a fact, that the young boy stood, when the message was delivered to him, at the gate of an adjoining yard rather than at the gate of his own home." Charge 11. "The only question for the jury to decide in this case is whether or not the delivery of the telegram to Willie Whitson was the exercise of due care for its delivery; and it can make no difference whether such delivery was made at the gate of Mr. Whitson's house, or at the gate of Mr. Medlin's house." There was judgment for the appellee in the sum of $200.

GEORGE H. FEARONS and HENRY FITTS, for appellant. It is necessary to aver that the addressee of the message lived or was to have been found within the free delivery limits of the Northport telegraph office.—W. U. Tel. Co. v. Henderson, 89 Ala. 510. The defendant should have been allowed to make proof that the plaintiff used his

son, to whom the message was delivered, as a carrier of letters to the mail box at the depot and that defendant knew this. The telegraph messenger could not delegate the duty to deliver the telegram; hence charge 6 should have been given.—*Waldman v. Insurance Co.*, 91 Ala. 173; *Couthway v. Berghaus*, 25 Ala. 393; *Johnson v. Cunningham*, 1 Ala. 249; Meacham on Agency, § 197; 1 Am. & Eng. Ency. of Law, (2 Ed.) 972 and cases cited. The court erred in charging affirmatively that the defendant was guilty of negligence if the message was delivered to the son of the sendee at the gate of neighboring premises.

FOSTER & OLIVER and FLEETWOOD RICE, for appellee.— The demurrers to the first and second count of the complaint were not well taken because the matters pointed out by the demurrers do not in fact, exist in the counts. There was no error in overruling the demurrer to the third count and if error, it was without injury, as this count was charged out by the court. The delivery of the telegram to appellee's small boy without an effort to deliver it at appellant's residence or place of business was not a compliance with appellant's duty.—25 Am. & Eng. Ency. of Law, (1 Ed.) p. 780, Art. B. and note; *W. U. Tel. Co. v. Newhouse*, 33 N. E. 800; Croswell Electricity, §§ 412 and 415; Joyce Electricity, §§ 743 and 4.

TYSON, J.—Only one ground of the demurrer assigned to the several counts of the complaint is insisted on here. It is the one assailing the sufficiency of the averment of the counts for the failure to allege that the addressee of the message lived, did business, and was to be found within the free delivery limits of the defendant's office to which it was transmitted for delivery. If such was a term of the contract between the sender, as the plaintiff's agent, and the company, that was a matter of defense. It is in the ntaure of an exception to the general obligation of duty imposed upon the defendant company to transmit and deliver messages received by it to the addressee, and if the company has established a free delivery limit, and a regulation with respect to de-

livery of messages to persons outside of it, this is defensive matter. And doubtless, where this defense is set up and it is shown that the sender, acting for the sendee, contracted with reference to an established free delivery limit, the burden would be upon the sendee where he is the plaintiff, as it is upon the sender when he is complaining, or proving that the residence or business place of the addressee is within the established limits. This is in substance what was held on this point in *Western Union Tel. Co. v. Henderson*, 89 Ala. 510, 518, 7 South. 419, 18 Am. St. Rep. 148, where the defense was invoked by special pleas. See also, *Western Union Tel. Co. v. Merrill*, 144 Ala. 618, 39 South. 121.

The testimony offered by defendant, and excluded on motion, had no tendency whatever to show that plaintiff's son was his agent to receive the telegram for him. There was, therefore, no error in this ruling. It is undoubtedly the law that it was the duty of the defendant to deliver the message to the plaintiff if he could be found by the exercise of reasonable diligence. If unable to make a personal delivery, it was its duty to deliver the message to his authorized agent. Whether the defendant would have discharged its duty in this respect by delivering it to plaintiff's wife, who was at home, instead of leaving it with his 11 year old son, is not presented.— Croswell on the Law Relating to Electricity, §§ 414, 415; Joyce on Electric Law, §§ 743, 744; 27 Am. & Eng. Ency. Law (2d Ed.) p. 1027. However this may be, we feel no hesitancy in holding that, as matter of law, it did not discharge its duty with respect to the delivery of the message by leaving it with plaintiff's child under the circumstances shown in the testimony. In other words, we hold that defendant's messenger was guilty of negligence, as matter of law, by leaving the message with the boy; that his act in doing so was not a delivery at all. The court on the undisputed testimony might well have given the affirmative charge for plaintiff upon the first and second counts of the complaint, had it been requested. This being true, and the third count having been charged out at the request of the defendant, it follows that there was no error in refusing the several written

charges requested by defendant.—*Bienville Water Supply v. City of Mobile,* 125 Ala. 178, 27 South. 781, and cases there cited.

Affirmed.

SIMPSON, ANDERSON, and DENSON, JJ., concur.