# Merriweather v. Sayre M. & M. Co.

## Damage for Death of Servant.

(Decided February 6, 1913. Rehearing denied April 23, 1913. 62 South. 70.)

1. *Appeal and Error; Harmless Error; Pleadings.*—Where the evidence showed that the act of the servant in knowingly and deliberately removing supports in mining coal under a loose rock causing it to fall and inflicting the injury without any negligence of the master contributing thereto, plaintiff could not recover, and any error in the rulings on the pleadings could not have been prejudicial to plaintiff.

[Merriweather v. Sayre M. & M. Co.]

2. *Same.*—If, in no event, a plaintiff can prevail in the litigation, a judgment against him will not be reversed on appeal for specific errors committed in the trial.

3. *Master and Servant; Injury to Servant; Duty to Warn.*—Where in mining coal and removing a rock, fully aware of the effect of removing the support thereunder, and then testing the rock with his pick, the servant mistakenly concluded it safe to remain, believing himself out of danger if the rock should fall, the master cannot be made liable for his failure to warn.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by America Merriweather as administratrix against the Sayre Mining & Manufacturing Company for damages for the death of her intestate from injuries received while pursuing his employment. Judgment for defendant and plaintiff appeals. Affirmed.

J. W. CHAMBLEE and ROSCOE CHAMBLEE, for appellant. The first great error committed by the court was when it overruled ex mero motu appellant's challenge of the authority of the attorneys to appear and defend.— *Collins v. Blantern,* 1 Smith L. C. 715; 128 S. W. 240; 6 Cyc. 867. All the counts were good and the court erred in sustaining demurrers to them.—*Mary Lee C. & Ry. Co. v. Chamblee,* 97 Ala. 171; *Ga. Pac. v. Davis,* 92 Ala. 300; *Buckalew v. Tenn. Co.,* 112 Ala. 146; *Sloss-Sheffield v. Hutchinson,* 144 Ala. 224; *Tutwiler Co. v. Farington,* 144 Ala. 157. The court erred in not letting it be shown that deceased and another employee requested the superintendent and bank boss to fix the place. —*Sloss-Sheffield v. Green,* 159 Ala. 178. The court erred in directing a verdict for defendant.—*Eagle I. Co. v. Baugh,* 147 Ala. 613; *Battles v. Tallman,* 96 Ala. 403; *Fire I. Co. v. Felrath,* 77 Ala. 201; *Smoot v. M. & M. R. R. Co.,* 67 Ala. 17; *Ala. S. & W. Co. v. Tallant,* 165 Ala. 521.

[Merriweather v. Sayre M. & M. Co.]

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellee.  No brief reached the Reporter.

McCLELLAN, J.—From the evidence, amply descriptive of the event, it appears, without dispute, that plaintiff's intestate caused his own injury by cutting the coal from under, which supported the rock, by the falling of which upon him wrought his death; that the falling of the rock above him, was the consequence of the removal of its support, of which he was fully aware.  He caused his own injury.  No negligence of the defendant contributed in any degree thereunto.  He could not, under these circumstances, recover.  The court did not err, to plaintiff's prejudice, in excluding on motion the plaintiff's evidence, nor in giving the affirmative charge requested by the defendant.

All other rulings adverse to the plaintiff were, if error, innocuous.  Even if the assigned rulings·on the pleading had favored the plaintiff, the plaintiff could not have recovered in this case.—*Robertson v. Tenn. C. I. & R. R. Co.*, 174 Ala. 589, 56 South. 710, 711.  The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.

### ON REHEARING.

McCLELLAN, J.—In deference to the earnest insistence of counsel for the applicant for rehearing, the original decision affirming the judgment below, and the bases for the conclusion thus given effect, have been carefully reconsidered. The application is without merit. It is settled here that an appellant can never have a reversal for special errors committed on the trial from

the judgment on which he appeals, if in no event he could prevail in the litigation.—*Bienville Co. v. City of Mobile,* 125 Ala. 178, 27 South 781; *Brammer v. Pettyjohn,* 154 Ala. 616, 45 South. 646; *W. U. Tel. Co. v. Whitson,* 145 Ala. 426, 41 South. 405; among others. So, if the conclusion prevailing on the original decision is sound, manifestly the errors (if so) to which reference is had in brief of the applicant for rehearing cannot avail to reverse the judgment; and, if so, the court would be engaged in an wholly vain service to enter upon the consideration and decisions of such questions.

The undisputed facts show that intestate's superior last visited the mines about 9 a. m. previous to intestate's fatal injury about 1 p. m. of that day; that when intestate's superior pronounced the rock safe at 9 a. m., its condition, with respect to support, was entirely different from that condition·just before and at the time of the injury; that the change in this condition was wrought by intestate's own labors in removing the coal, which he was engaged in mining, that underlay the rock; that intestate was fully aware of the effect of the removal of this support from beneath the rock; and that he (intestate) sounded—tested—the rock with his pick and concluded it was still safe for him to place himself in the sphere of danger if it fell, a conclusion on which he relied and which unfortunately proved to be erroneous. There was no ruling in rejection of evidence that excluded testimony which, if admitted, could have effected to contradict in any degree the conclusions of the fact stated in the original opinion and reiterated on this occasion. No warning or advice could have added to his appreciation of the hazard, created by his labors, to which this record shows he voluntarily, and in the process of mining, subjected himself.—*Brammer v. Pettyjohn, supra.* So, whether he then stood in the re-

[Southern Sewer P. Co. v. Caraway.]

lation of servant to defendant as master or in the relation of independent contractor, or the servant of an independent contractor, was and is immaterial.

The application for rehearing is denied.