(108 So. 238)

## AMERICAN RY. EXPRESS CO. v. MOBILE IMPORTING & TRADING CO.
### (1 Div. 408.)

(Supreme Court of Alabama. April 15, 1926.)

1. **Evidence** ☞545—Testimony held to indicate that witness was qualified to answer hypothetical question as to effect of storing limes in railroad sheds.

Where it was alleged that express company, on refusal by consignee to accept limes, negligently stored them, testimony of witness as to his experience in handling limes *held* to indicate his qualification to answer hypothetical question as to effect of storing them, during torrid temperature, under tarpaulins in umbrella shed of railway depot.

2. **Appeal and error** ☞1008(1).

Judgment by the court, based on oral and deposition testimony, should not be disturbed, unless plainly wrong.

3. **Carriers** ☞89.

When consignee fails to receive shipment, it is carrier's duty to store goods in warehouse, subject to consignor's order, for a reasonable time.

4. **Carriers** ☞134—Evidence held sufficient to support finding that express company was negligent in storing limes under depot shed.

Evidence *held* sufficient to support finding of negligence of express company, on refusal by consignee of limes, in storing them, during torrid temperature, under tarpaulins in depot shed, and then placing them in cold storage, thereby rendering them worthless.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by the Mobile Importing & Trading Company against the American Railway Express Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Webb & Shepard, of Mobile, for appellant.

Counsel argue for error in the overruling of objection to hypothetical question propounded to plaintiff, and in rendering judgment for plaintiff, and cite Moore v. Mayor, etc., 1 Stew. (Ala.) 284; Jones v. Hatchett, 14 Ala. 743; Southern R. Co. v. Aldredge, 38 So. 805, 142 Ala. 368.

Outlaw & Kilborn, of Mobile, for appellee.

---

The witness was shown to be qualified, and there was no error in overruling objection to the hypothetical question. L. & N. v. Lovell, 71 So. 995, 196 Ala. 94; A. C., G. & A. v. Bessiere, 72 So. 325, 197 Ala. 5. The judgment has the effect of a jury verdict. Cox v. Stollenwerck, 104 So. 756, 213 Ala. 390. Defendant was liable for negligent handling of the limes. Sou. Ry. v. Aldredge, 38 So. 805, 142 Ala. 368; L. & N. v. Farmers' Prod. Co., 85 So. 578, 17 Ala. App. 388; L. & N. v. Brewer, 62 So. 698, 183 Ala. 172.

MILLER, J. This is a suit by the Mobile Importing & Trading Company, a corporation, against the American Railway Express Company, a corporation, for damages for injuries to 100 boxes of limes delivered to the defendant by plaintiff in Mobile, Ala., consigned to the Copedo Lime Company at Oklahoma City, Okl.

There are five counts in the complaint: One is in Code form for conversion of the limes; two charges that the injury to the limes was received while in possession of defendant as a common carrier; three charges the consignee refused to accept the limes, that defendant notified plaintiff thereof, and that defendant thereafter so negligently handled or stored the limes that they were damaged; four charges the damage was done after consignee had refused to accept the limes and while waiting for instructions from plaintiff as to the disposition of them; and five charges the defendant with negligence in its capacity of warehouseman.

The defendant pleaded general issue. The cause was tried by the court without a jury, and from a judgment in favor of the plaintiff this appeal is prosecuted by the defendant.

One hundred boxes of limes were delivered in good condition to defendant by plaintiff at Mobile, Ala., consigned to Copedo Lime Company, Oklahoma City, Okl., on August 18, 1920, reaching their destination on the morning of August 22, 1920. The consignee refused to accept them because of decay, and the size and quality were not as purchased. The defendant notified plaintiff that day by wire of the refusal to receive them by consignee, and requested advice as to disposition. The plaintiff sent a representative from Mobile on the first train to Oklahoma City to look into the matter, and advised the agent of defendant at Mobile of its intentions. The defendant unloaded the limes on August 22, 1920, placed them under the umbrella shed of the depot, and covered them with tarpaulin, the temperature being about 95 degrees at that place. They remained there so covered for two days, when the defendant delivered them to the Capitol Storage Company of Oklahoma City for cold storage, and the temperature in which they were placed was between 35 and 40 degrees. This storage company had no experience in handling limes. Exposure of limes to August heat of 95 degrees, with tarpaulin over them for about two days, would make them worthless, and placing limes in a temperature of from 35 to 40 degrees would ruin them for any commercial use. Plaintiff's agent reached Oklahoma City August 26, 1920, found the limes in cold storage, and practically worthless. The foregoing was the tendency of some of the evidence in this cause.

[1] The plaintiff was permitted by the court, over the objection and exception of the defendant, to ask its witness the following question:

"What would be the effect of storing these limes on an open express company or railway platform, under sheds, the kind of sheds commonly used by railway depots, covering those limes with tarpaulins, and allowing them to remain covered in that manner for, say, two days, during summer weather, with temperature ranging about like it does in August?"

The witness prior thereto had testified—

"that he has had experience in handling limes with reference to ventilation of them, the first being in the year 1922, and continuously since; spent two months on the Island of Dominico studying the business and method of handling and packing, and since that time had been in the lime business, continuously handling them."

The witness testified on March 23, 1925, in this case. This testimony indicated clearly that the witness was qualified to testify and to answer the question; and the hypothetical question contained sufficient tendencies of the evidence to fairly justify the formation of an expert opinion on a material issue in the case. So the court did not err in this ruling. Ala. City G. & A. Ry. Co. v. Bessiere, 72 So. 325, 197 Ala. 5, headnotes 5. 6; L. & N. R. Co. v. Lovell, 71 So. 995, 196 Ala. 94, headnotes 1, 2.

[2] The judgment of the court in favor of the plaintiff is the only other error assigned. It was rendered by the court without a jury, based on oral and deposition testimony, and it should not be disturbed by this court, unless plainly wrong. Thompson v. Collier, 54 So. 493, 170 Ala. 469; Finney v. Studebaker, etc., 72 So. 54, 196 Ala. 422; Bell v. Blackshear, 91 So. 576, 206 Ala. 673.

[3] The following rule, applicable to some of the evidence in this case, is declared in 10 Corpus Juris, p. 269, § 386, headnotes 19, 20:

"Where the consignee fails or refuses to receive goods shipped, it is the duty of the carrier to store the goods either in its own warehouse or in that of responsible third party and to hold the goods subject to the order of the consignor for a reasonable time."

It is quoted with approval in L. & N. R. Co. v. Roden Gro. Co., 96 So. 912, 209 Ala. 694. See, also, L. & N. R. Co. v. Brewer, 62 So. 698, 183 Ala. 172.

[4] There was evidence tending to show,

when the limes reached Oklahoma City, and the consignee refused to receive them, that the defendant did not deliver them to a responsible third party subject to the orders of the consignor, but that for two days the limes were kept in its possession under the umbrella shed of the depot covered with tarpaulins, without ventilation, when the temperature was about 95 degrees, and they were thereby injured and rendered worthless. This, if true, would make under the evidence the defendant guilty of negligence, and render it liable, and there is much evidence to establish it. Southern Ry. Co. v. Aldredge & Shelton, 38 So. 805, 142 Ala. 368; and authorities supra.

The conclusion of the trial court is supported by the weight of the evidence; it is not palpably contrary to it, so the judgment must be affirmed, which is accordingly done.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.