106 So.2d 653

Robin S. KENDALL

v.

Barbara Joyce KENDALL.

5 Div. 693.

Supreme Court of Alabama.

Nov. 20, 1958.

Glenn & Glenn, Opelika, for appellee.

Brown & McMillan, Opelika, for appellant.

384

MERRILL, Justice.

Complainant filed a bill of complaint against his wife for a divorce on the ground of voluntary abandonment. Respondent filed an answer and cross bill. She answered that she had not abandoned her husband, but had been away from home receiving medical treatment and that she was still receiving such treatment.

The trial court dismissed the bill of complaint, awarded custody of the children as had existed for two years, and ordered complainant to pay to respondent $75 per month for the support of herself and their youngest child. Complainant has appealed.

Complainant and respondent have been married twelve years. Complainant is a Regular Army officer stationed at Auburn. Respondent has given birth to five living children and has had seven miscarriages. It is undisputed that their major difficulty stems from a difference in their religious beliefs.

Complainant was reared in the Episcopal Church. Appellee is a member of the Roman Catholic Church. Complainant had joined the Catholic church after marriage, but while stationed in Germany, he decided that he could no longer subscribe to two doctrines of that faith, namely, the sacraments of communion and confession. He refused to participate in these, though he has continued to attend church regularly, has reared his children in that faith and sees that they receive the religious teaching of that faith. Since 1951, there has been a constant worry and attempt by respondent to get complainant to accept these teachings of their church.

During 1955, respondent became emotionally upset and complainant secured her admission into Walter Reed General Hospital, a military hospital in Washington, D. C. Following her release from the hospital in about three months, she remained in an "out patient" status as a psychiatric patient to the date of the trial. During this period, she also received psychiatric treatment from a private psychiatrist in Washington. A series of electric shock treatments were administered to respondent while under his care.

The only time respondent ever returned to Auburn after she left to go to the hospital was to attend the trial in February, 1958. While not actually in the hospital, she and her youngest child lived with her parents in Washington. The other four children lived with complainant in Auburn. During Christmas week in 1956, complainant, respondent and all the children were together at the home of complainant's parents in Raleigh, North Carolina. The religious differences persisted and respondent and the baby returned to Washington, the complainant and the other children to Auburn. At the outset of the trial, counsel for respondent conceded that the four older children should remain in the custody of complainant because of the "present mental and physical condition" of respondent.

All of the testimony of all the witnesses indicates that respondent does not enjoy normal mental health or adjustment. As to her deviation from the normal, there was a difference of opinion. But the positive medical testimony of the senior resident in psychiatry at Walter Reed Army Hospital was that respondent "is suffering

from a mental illness, diagnosed as chronic moderate schizophrenic reaction of the paranoid type;" that "she definitely needs continued psychiatric care," and that "I do not feel that she is capable of returning at the present time" to her household duties and the care of her children.

It is elementary that insanity of a spouse existing at the time of the commission of a matrimonial offense ordinarily is a defense to an action for divorce. 27 C. J.S. Divorce § 55 b; Knabe v. Berman, 234 Ala. 433, 175 So. 354, 111 A.L.R. 864; Wray v. Wray, 19 Ala. 522. Conceding, without deciding, that respondent did and does intend to abandon and stay away from her husband, there is considerable doubt from the testimony as to her mental health.

The evidence was taken by deposition and orally before the trial court. The depositions concerned the contents of the hospital records and the testimony of the two psychiatrists in Washington. A judgment or decree rendered under such conditions will not be disturbed by this court unless plainly wrong. American Ry. Express Co. v. Mobile Importing & Trading Co., 214 Ala. 420, 108 So. 238; Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609.

The decree of the trial court is affirmed.

Nothing in this opinion is to be construed as intimating that a divorce should be denied in cases based upon proper grounds merely because one of the parties is or has been receiving psychiatric treatment, or even when afflicted with mild hallucinations or obsessions in connection with the conduct, behavior or beliefs of the spouse. The medical evidence in this cause, and the many letters written by respondent to complainant, support a finding that the mental condition of the respondent is more serious than that described in the last preceding sentence.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.