MADDOX, Justice.
This suit is brought by the payee of a $20,000 promissory note to recover the value of the note from the executors of the estate of the maker of the note. The case was tried without a jury before Judge Boll-ing of the Circuit Court of Mobile who entered judgment for the payee. We affirm.
The maker of the note, John Tillman Hackmeyer, died on July 10, 1973. He had been a single man since 1955, the year he met Mrs. McConnell, the payee. They saw each other on the average of three times a week between 1955 and the date of Mr. Hackmeyer’s death. Their relationship was such that Mrs. McConnell was permitted to select Mr. Hackmeyer’s burial clothes and the pallbearers for his funeral. Three or four years before Mr. Hackmeyer died, he asked his brother to place a sealed envelope marked “My Last Will and Testament” in a safe-deposit box that his brother rented. Inside the large envelope was an envelope addressed “Mrs. Frances McConnell.” The second envelope contained the $20,000 promissory note in question.
The promissory note was in the safe-deposit box before and after Mr. Hackmeyer’s death. The only people who had access to the safe-deposit box were Mr. Hackmeyer’s brother, and wife. Approximately a year before his death, Mr. Hackmeyer took the papers from the box, and later returned them. Mr. Hackmeyer’s brother and Mrs. McConnell first learned of the promissory note when the papers were taken from the safe-deposit box.
The executors of Mr. Hackmeyer’s estate contend that the promissory note was an attempted gift which failed because of lack of delivery during Mr. Hackmeyer’s life. The trial judge rejected this and upheld the validity of the note. He found that by putting the note in the safe-deposit box, Mr. Hackmeyer constructively delivered it to Mrs. McConnell.
In Jones v. Deyer, 16 Ala. 221 (1849), it is said:
“ * * * Where there are circumstances which raise a doubt whether the donor who still retains possession of property did not intend to part with all control over it, the ease should be left to the jury.” (Emphasis added.)
The evidence supports a finding by the trial judge that there was a construe- *1108 tive delivery — that is a voluntary transfer of possession and a relinquishment of control over the instrument. The evidence is clear that John Tillman Hackmeyer could not have gotten the note out of. his brother’s safe-deposit box without his brother’s permission.
The case was heard orally by the trial judge. Therefore, his findings have the effect of a jury verdict and will not be disturbed unless plainly and palpably wrong. Kendall v. Kendall, 268 Ala. 383, 106 So.2d 653 (1958).
For the reasons above stated, the judgment of the trial court is affirmed.
AFFIRMED.
HEFLIN, C. J., and JONES, SHORES and BEATTY, JJ., concur.