On application for rehearing, appellants raise several issues.
 I
We set out the first one verbatim from their brief:
 "First, and foremost, this is not a case where the ore tenus standard of review applies. Hundreds of pages of testimony were submitted from depositions taken outside the hearing of the trial court. As such, no presumption of correctness [of] factual determinations drawn from such testimony should apply."
In view of counsel's earnest insistence that this Court applied an improper standard of review, we have reexamined the record filed by the appellants. Our application of the oretenus standard was based upon the fact that the trial judge, in his order of submission, stated the following:
 "This cause coming on to be heard on plaintiffs' complaint for permanent injunctive relief against defendants (all other aspects of plaintiffs' complaint and defendants' countercomplaint having been either dismissed or severed) and the Court receiving testimony ore tenus and numerous exhibits into evidence, the Court finds as follows:" (Emphasis added.)
Appellants' reference to "[h]undreds of pages of testimony . . . submitted from depositions taken outside the hearing of the trial court" must refer to the testimony of William Dykstra, James W. Elliott, Larry M. Williams, Donald Cromer, and Richard Tishey. It appears that portions of these depositions were read into evidence by counsel for appellants at appellants' request. The record shows:
 "MR. POTTS: Your Honor, I think we would like, at this time, to read some of the depositions into evidence."
In any event, the rule of law is that a judgment rendered upon evidence taken by deposition and orally before the trial court will not be disturbed on appeal unless plainly wrong. InKendall v. Kendall, 268 Ala. 383, 106 So.2d 653 (1958), this Court, citing cases, stated the rule:
 "The evidence was taken by deposition and orally before the trial court. The depositions concerned the contents of the hospital records and the testimony of the two psychiatrists in Washington. A judgment or decree rendered under such conditions will not be disturbed by this court unless plainly wrong. American Ry. Express Co. v. Mobile Importing Trading Co., 214 Ala. 420, 108 So. 238 [(1926)]; Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609 [(1953)]."
 II
Next, Appellants complain that this Court found that the Alabama Trade Secrets Act did not apply, but that we did not address whether the Act should have prospective application "in the enforcement of the Court's order." Appellants ask: "What happens when the law changes and use of the process is no longer a trade secret according to the definition contained in the Alabama Trade Secrets Act?"
In their rehearing brief, appellants argue:
 "Defendants/Appellants anticipate immediate motions to be filed with the trial court requesting permission to inspect Ralph Saunders' plant, motions for contempt for alleged noncompliance, etc., following this Court's ruling on the Application for Rehearing. Unless some guidance and direction is given to the parties in this regard, an additional appeal may be necessitated to ascertain the applicable standard for future enforcement of the injunction should it remain affirmed by this Court."
We decline to speculate on the future course of this proceeding or to state our opinion on any legal issue not presented by the record on appeal.
 III
Appellants further contend that the opinion contained at least one factual inaccuracy,[2] *Page 657 
and appellants argue again the principles argued on original deliverance.
We have extended the opinion to answer arguments raised on rehearing, but we are of the opinion that appellants have presented nothing that warrants our changing the judgment originally entered.
OPINION EXTENDED; APPLICATION DENIED.
HORNSBY, C.J., and ALMON, SHORES, and HOUSTON, JJ., concur.
ADAMS and STEAGALL, JJ., dissent.
[2] The Court's original opinion states that W.W. Carpenter was "the inventor of the fluxing process." Footnote 1 of plaintiffs' original brief defines the fluxing process and this definition was uncontroverted by appellees. The evidence did not indicate that Mr. Carpenter invented the fluxing process, only that he devised, while working for another company over 30 years ago, one method of firing porcelain-enameled pipe that was used for fluxing purposes. Stated differently, Mr. Carpenter developed a simple firing process for the purpose of producing one of several types of pipe that could be used in the fluxing process of molten aluminum.