(124 So. 292)

### DOBBS v. PRIDGEN. (7 Div. 900.)

Supreme Court of Alabama. Oct. 24, 1929.

L. B. Rainey, of Gadsden, for appellant.

Jas. D. Giles, of Gadsden, for appellee.

SAYRE, J. Statutory action of detinue by appellant against appellee. Appellant claimed title under a mortgage executed by appellee. The plea upon which the case appears to have been tried was double in character. It alleged that the mortgage under which appellant claimed title had been given to secure the purchase price to be paid by appellee to appellant for some of the articles sued for, viz., tools and appliances to be used in appellee's meat market, and that the others, viz., a mule and an automobile, had been included as additional security; that at the time of the transaction in question appellee was of unsound mind and incapable of entering into a valid and binding contract, and therefore that the legal title to the property sold by appellant to appellee had not passed, and further appellee had "tendered back to plaintiff" some of the articles purchased and by his plea tendered the same, naming them; that other of said articles, naming them, had not been delivered to appellee or had by him been disposed of; and that appellant had no right to the "horse" (by which we suppose appellee intended the "mule") or the automobile.

At the common law a tender was authorized only in those cases in which the demand was in the nature of a debt, and in Wilhite v. Ryan, 66 Ala. 106, it was said, to quote the headnote for brevity, that "the only statutory exception, it seems, is in actions of slander."

That statement of the statutory law appears to have overlooked sections 2997 and 2998 of the Code of 1876, brought forward in section 9473 of the present Code, which authorizes a tender of "ponderous articles or other personal property." However, this case was tried by the court without the intervention of a jury, nor is any question here raised as to the sufficiency of the plea the substance of which has been stated. The judgment of the trial court was expressly placed upon appellee's "plea of tender."

The assignments of error raise only the question of the propriety of the trial court's rulings on testimony offered to sustain the plea mentioned, that is to say, testimony offered by appellant to sustain his contention as to appellee's mental capacity.

An exception reserved on the examination of the witness Nelson will fairly well indicate the error of several rulings. This witness deposed to a rather extended and extensive acquaintance with appellee, an acquaintance quite sufficient to justify a statement of opinion by him as to the soundness or unsoundness of appellee's mind at the time in question; but the court sustained appellee's objection to appellant's question which sought to elicit the witness' opinion that appellee was of sound mind. The court indicated by its rulings and language in expressing them the opinion that a nonexpert might be allowed to testify that a person was of unsound mind only, but not "the reverse." In this the court erred. In Burney v. Torrey, 100 Ala. 172, 14 So. 685, 690, 46 Am. St. Rep. 33, it was said that, "Where there has been that long and intimate acquaintance with another to enable the formation of a correct judgment as to the mental condition of such other person, the witness may give his opinion that the person is of sound mind." This the court said in respect of the competency of a nonexpert witness. See, also, Parrish v. State, 139 Ala. 42, 43, 36 So. 1012, and numerous cases cited; 5 Mayf. Dig. pp. 534, 535. Or, as the rule is elsewhere stated, the nonexpert witness must have had sufficient opportunity by acquaintance and observation to enable him to form a sensible judgment as to whether the subject of inquiry was able to "transact ordinary business." As for Wear v. Wear, 200 Ala. 345, 76 So. 111, cited by appellee to the proposition that the judgment of the trial court in passing upon the competency of the witness will not be disturbed unless plainly erroneous, we observe that the rule there declared, even though conceded to be entirely correct, cannot be applied in this case for the reason that the rulings in the trial court indicated the opinion that testimony of a nonexpert to the effect that the subject of inquiry was of sound mind was incompetent in any case, and further we think we may with propriety add that, while the evidence showed appellee to have been in bad physical state with some dullness of mind, except when his attention was aroused, it lacked a good deal of showing mental incapacity to enter upon the mortgage contract, so that, if it could be determined that the decision of the trial court turned exclusively or in material part upon the question as to appellee's mental capacity, we would still hold the judgment to be erroneous.

Reversed and remanded.

THOMAS, BROWN, and FOSTER, JJ., concur.